NO. 07-07-0469-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



JULY 23, 2008


______________________________



NICHOLAS ALEXANDER THOMPSON, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 64TH DISTRICT COURT OF HALE COUNTY;



NO. A16958-0611; HONORABLE ROBERT W. KINKAID, JR., JUDGE


_______________________________




Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION


 On November 20, 2006, appellant, Nicholas Alexander Thompson, pleaded no
contest to the offense of driving while intoxicated, third or more offense. Pursuant to a plea
bargain, appellant was sentenced to three years confinement and a fine of $1,000, but the
term of confinement was suspended and appellant was placed on community supervision
for a term of seven years. A special term and condition of community supervision required
appellant to successfully complete a Court Residential Treatment Center (CRTC) program. 
Subsequently, on September 19, 2007, the State filed an application to revoke his
community supervision. At the revocation hearing, appellant pleaded "not true" to the
allegations contained in the State's application to revoke his community supervision. The
trial court found that appellant had violated his terms and conditions of community
supervision, as alleged, and revoked appellant's community supervision and sentenced
him to a term of confinement of three years in the Institutional Division of the Texas
Department of Criminal Justice. This appeal followed the sentencing. We affirm.

 Appellant's attorney has filed an Anders brief and a motion to withdraw. Anders v.
California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 2d 498 (1967). In support of his motion
to withdraw, counsel certifies that he has diligently reviewed the record, and in his opinion,
the record reflects no reversible error upon which an appeal can be predicated. Id. at 744-45. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978), counsel
has candidly discussed why, under the controlling authorities, there is no error in the trial
court's judgment. Additionally, counsel has certified that he has provided appellant a copy
of the Anders brief and motion to withdraw and appropriately advised appellant of his right
to file a pro se response in this matter. Stafford v. State, 813 S.W.2d 503, 510
(Tex.Crim.App. 1991). The court has also advised appellant of his right to file a pro se
response. Appellant has not filed a response.

 By his Anders brief, counsel raises grounds that could possibly support an appeal,
but concludes the appeal is frivolous. We have reviewed these grounds and made an
independent review of the entire record to determine whether there are any arguable
grounds which might support an appeal. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346,
102 L.Ed.2d 300 (1988); Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App. 2005). We
have found no such arguable grounds and agree with counsel that the appeal is frivolous.

 Accordingly, counsel's motion to withdraw is hereby granted and the trial court's
judgment is affirmed. (1)






 Mackey K. Hancock

 Justice 



Do not publish.
1. Counsel shall, within five days after the opinion is handed down, send his client a
copy of the opinion and judgment, along with notification of the defendant's right to file a
pro se petition for discretionary review. See Tex. R. App. P. 48.4.



1179A. Therefore,
Gutierrez is no longer a party in the present cause of action and, thus, does not have
standing to file an appeal. See Buckholts Indep. Sch. Dist. v. Glaser, 632 S.W.2d 146, 150
(Tex.1982) (appealing party cannot complain of errors that do not injuriously affect its rights
or that merely affect the rights of others). Hence, we conclude that we do not have
jurisdiction to consider Gutierrez's appeal in this cause.

Conclusion


 For the foregoing reasons, we dismiss for want of jurisdiction. 


 Mackey K. Hancock

 Justice